IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**HUBERT BABB**
          Plaintiff,

vs.                                        3:10cv205/MCR/MD

**STATE OF FLORIDA,**
          Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner proceeding *pro se*, has filed a pleading entitled "Petition to Remove Case from State Court" with attachments. (Doc. 1). Plaintiff evidently seeks to "remove" a mandamus action he commenced and pursued in state court. Plaintiff also filed a motion for leave to proceed *in forma pauperis* (doc. 2). For the limited purpose of dismissal of this case, leave to proceed *in forma pauperis* will be granted.

In plaintiff's notice of removal he states that he wants to remove the petition for writ of mandamus from state court jurisdiction to the jurisdiction of the U.S. District Court and grant the relief requested therein, to wit an investigation of allegedly unlawful acts of the prosecutor and his attorney that led to his conviction and imprisonment. He apparently began to file mandamus petitions at some point after the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was affirmed on appeal and a petition for a writ of certiorari was denied. (Case 3:04cv453/RS/MD, doc. 35, 55 & 56). Plaintiff's attachments include copies of numerous pleadings or petitions filed with the Supreme Court of Florida, but the status of any of these petitions and whether the respondent has been served is not clear. Plaintiff has also included an order entered by the Supreme Court of

Florida on April 13, 2010 in case SC 10-649 indicating that his case was dismissed for lack of jurisdiction.

To the extent plaintiff has sought to remove a case originally filed in state court, such a removal is legally improper. Title 28 U.S.C. § 1441 states that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed <u>by the defendant or the defendants</u>, to the district court of the United States. . . ." 28 U.S.C. § 1441(a) (emphasis supplied). The right to remove a state court case to federal court is clearly limited to defendants. 28 U.S.C. § 1441. *See Geiger v. Arctco Enterprises, Inc.*, 910 F.Supp. 130, 131 (S.D. N.Y. 1996) ("It is clear beyond peradventure of a doubt that the right of removal is vested exclusively in defendants. A plaintiff simply may not remove an action from a state court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a). . . ."); *Smith v. St. Luke's Hospital*, 480 F.Supp. 58 (D.C. S.D. 1979) (holding that a plaintiff has no right of removal under 28 U.S.C. § 1441); *Union Const. Co. v. Dillingham Corp.*, 334 F.Supp. 502, 503 (D.C. Tex. 1971) ("A plaintiff cannot remove a case from a State to a Federal Court. [Title] 28 U.S.C. § 1441, specifically permits removal by a defendant or defendants, but not by a plaintiff."). Moreover, section 1446 discusses the removal procedure in the exclusive context of removal by a defendant or defendants. 28 U.S.C. § 1446.

The court has also considered the possibility that plaintiff seeks to use the purported "removal" as a way of collaterally challenging the legality of his conviction based on the allegedly unlawful actions of counsel as described in his submission. However, as noted above, he has already filed a habeas petition pursuant to 28 U.S.C. § 2254. And, there is nothing in plaintiff's submissions to suggest that the arguments and allegations he raises herein could be construed to fall within the parameters of 28 U.S.C. § 2244 regarding second or successive petitions.

Accordingly, it is ORDERED:

For the limited purpose of dismissal of this action, plaintiff is granted leave to proceed *in forma pauperis*.

**And it is respectfully RECOMMENDED:**

**That this case be dismissed, and the clerk be directed to close the file.**

**DONE AND ORDERED this 16th day of June, 2010.**

/s/ *Miles Davis*
      **MILES DAVIS**
      **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. §  636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**